IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ANGELITA VEGA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-307 |
| | § | |
| LX ROBERT EXPRESS INC. and | § | JURY REQUESTED |
| HAIPENG XU | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, Angelita Vega ("Plaintiff"), hereby files her Original Complaint, complaining of Defendant LX Robert Express Inc. and Haipeng Xu (collectively "Defendants"), and in support thereof would respectfully show the Court the following:

### I.
### PARTIES

1.  Plaintiff, Angelita Vega, is a resident of Lawton, Oklahoma.

2.  Defendant, LX Robert Express Inc. ("LX Robert Express"), is a foreign corporation doing business in the State of Texas. Defendant may be served through its Chief Executive Officer: Liyan Li, 18620 Mescalero St., Rowland Heights, California 91748.

3.  Defendant, Haipeng Hu, is a resident of Alhambra, California. Defendant may be served at his residence, 1108 W. Valley Blvd., Apr. 665, Alhambra, California 9803 or wherever he may be found.

## II.
## SUBJECT MATTER JURISDICTION

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the parties and the amount in controversy is greater than $75,000.

## III.
## PERSONAL JURISDICTION

5. The accident occurred in Hudspeth County, Texas. Therefore, this Court may exercise personal jurisdiction over Defendants because the incident made the basis of this suit arises out of and relates to Defendants' contacts with the State of Texas.

6. Additionally, and in the alternative, Defendants' contacts with the State of Texas are continuous, systematic, and ongoing in a manner such that it is "at home" in the State of Texas, and they have purposefully availed itself of the benefits and protections of doing business in the State of Texas, such that they could reasonably expect to respond to Plaintiff's complaints herein.

## IV.
## VENUE

7. Venue is proper in the Western District of Texas – El Paso Division, because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2).

## V.
## FACTS

8. On November 28, 2021, Plaintiff Angelita Vega was traveling eastbound on IH-10 in Hudspeth County, Texas. As she was stopped in traffic near the US Border Patrol Checkpoint, she was struck from behind by a 2016 Freightliner tractor (VIN: 3AKJGLDR0GSG7511) towing a 2012 Vanguard trailer (VIN: 5V8VC532XCM200630) driven by Defendant Haipeng Hu. As a

result of the collision, Plaintiff suffered serious and significant bodily injuries, including injuries to her head, neck and back.  At the time of the incident, Defendant Haipeng Hu was operating the subject tractor-trailer in the course and scope of his employment with Defendant LX Robert Express Inc.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT HAIPENG HU

**A.**     **NEGLIGENCE**

9. At the time and on the occasion in question, Defendant Haipeng Hu committed acts and omissions, which collectively and separately constituted negligence.  Defendant Haipeng Hu had a duty to exercise ordinary care, meaning that degree of care that would be used by an individual of ordinary prudence under the same or similar circumstances.  Defendant Haipeng Hu breached that duty in one or more of the following ways:

   a. Failing to properly and/or timely brake to avoid a collision;

   b. Failing to properly control speed;

   c. Failing to maintain a proper lookout;

   d. Failing to properly maneuver the subject tractor-trailer to avoid a collision;

   e. Failing to take proper evasive action to avoid a collision;

   f. Failing to maintain proper control of the subject tractor-trailer;

   g. Failing to properly and safely operate the subject tractor-trailer given the conditions of the road and/or traffic; and

   h. Failing to operate the vehicle in compliance with traffic laws and regulations.

10. Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and damages.

B. **GROSS NEGLIGENCE**

11. Defendant Haipeng Hu's acts and omissions, as previously described, were committed with complete and reckless disregard for, and with willful, wanton and actual conscious indifference to, the rights, safety and welfare of Plaintiff and the general public. The nature of Defendant Haipeng Hu's acts and omissions were of such a nature as to constitute gross negligence and malice. Specifically, Defendant Haipeng Hu undertook a continuous course of action in the form of conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision as discussed above and incorporated herein, to expose Plaintiff and others on the roadway to life threatening hazards. When viewed objectively from the standpoint of Defendant Haipeng Hu at the time of the occurrence, said acts and omissions involved an extreme degree of physical risk and danger, considering the probability and the magnitude of the potential harm to others. Defendant Haipeng Hu committed various acts and omissions constituting gross negligence, as outlined above. Such gross negligence was a proximate cause of the occurrence and Plaintiff's injuries and damages.

## VI.
## CAUSES OF ACTION AGAINST DEFENDANT LX ROBERT EXPRESS

A. **NEGLIGENT HIRING**

12. Plaintiff further pleads that Defendant LX Robert Express owed her a legal duty to protect her from Defendant Haipeng Hu's negligent driving. Plaintiff's damages were proximately caused by Defendant LX Robert Express' breach of said duty. In particular, Defendant LX Robert Express was negligent by hiring an incompetent, unfit or reckless driver whom it knew, or by the exercise of reasonable case should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

**B.    NEGLIGENT RETENTION**

13.    Plaintiff further pleads that Defendant LX Robert Express negligently retained Defendant Haipeng Hu as a driver and/or employee.  Defendant LX Robert Express owed Plaintiff a legal duty to protect her from Defendant Reece Lawson's negligent operation of the subject tractor-trailer.  Plaintiff sustained damages proximately caused by Defendant LX Robert Express' breach of said duty.  In particular, Defendant LX Robert Express was negligent in retaining Defendant Haipeng Hu, an incompetent, unfit or reckless driver whom it knew, or by the exercise of reasonable care should have known, to be incompetent, unfit or reckless, thereby creating an unreasonable risk of harm to others.

**C.    NEGLIGENT ENTRUSTMENT**

14.    Plaintiff further pleads that Defendant LX Robert Express negligently entrusted the subject tractor-trailer to Defendant Haipeng Hu.  Defendant LX Robert Express LX Robert Express owned and/or operated the subject tractor-trailer involved in the incident and consented to and permitted Defendant Haipeng Hu's operation of the subject tractor-trailer at the time of the collision.  Defendant Haipeng Hu was an incompetent and/or reckless driver.  Defendant Haipeng Hu was negligent on the occasion in question in a manner that was reasonably foreseeable by Defendant LX Robert Express and his negligence proximately caused Plaintiff's injuries.

**D.    RESPONDEAT SUPERIOR**

15.    Plaintiff affirmatively pleads that any alleged acts or negligence of Defendant Haipeng Hu were committed while he was acting in the course and scope of his employment with Defendant LX Robert Express while he was on a mission on behalf of Defendant LX Robert Express and are thus imputed to Defendant LX Robert Express under a legal theory of *respondeat superior*.

**E.  GROSS NEGLIGENCE**

16. Plaintiff alleges that all acts, conduct and omissions on the part of Defendant LX Robert Express, taken singularly or in combination, constitute gross negligence and were a proximate cause of Plaintiff's injuries and damages. Defendant LX Robert Express' acts and/or omissions, when viewed objectively from Defendant LX Robert Express' standpoint at the time such acts and/or omissions occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant LX Robert Express had actual, subjective awareness of the risk, but proceeded with conscious indifference to the rights, safety and welfare of Plaintiff with an intentional state of mind. Such gross negligence was a proximate cause of the occurrence, Plaintiff's injuries and damages. Therefore, Plaintiff is entitled to punitive and/or exemplary damages.

## VII.
## DAMAGES

17. As a result of Defendants' negligence, Plaintiff suffered injuries. Plaintiff brings this action for the following damages:

   a.  Past physical pain and suffering of Plaintiff, and that which she will in all probability suffer in the future;

   b.  Past physical impairment of Plaintiff, and that which she will in all probability suffer in the future;

   c.  Past mental anguish of Plaintiff, and that which she will in all probability suffer in the future;

   d.  The medical expenses that Plaintiff has incurred in the past and will in all reasonable probability continue to incur in the future;

   e.  Past and future lost earnings or loss of wage-earning capacity; and

   f.  Any and all other damages to which Plaintiff may be justly entitled.

26. Plaintiff seeks both prejudgment and post-judgment interest as allowed by law, for

all costs of court, actual damages, compensatory damages, exemplary damages and all other relief, both in law and in equity, to which Plaintiff may be entitled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and served upon Defendants in a form and manner prescribed by law, requiring that Defendants appear and answer, and that upon final hearing or final trial hereof, the Court enter judgment in her favor for actual damages, exemplary damages, costs of court, pre- and post-judgment interest at the maximum rate allowed by law and for each other and further relief to which she may be justly entitled.

Respectfully submitted,

**ABRAHAM, WATKINS, NICHOLS, AGOSTO, AZIZ & STOGNER**

By: */s/ Muhammad S. Aziz*
Muhammad S. Aziz
Texas Bar No. 24043538
Federal Bar No. 868540
800 Commerce Street
Houston, Texas 77002
Telephone: (713) 222-7211
Facsimile: (713) 225-0827
Email: maziz@awtxlaw.com

-and-

**REYNA INJURY LAWYERS, P.C.**

By: */s/ Juan P. Reyna*
Juan P. Reyna
Texas Bar No. 24027649
5656 S. Staples, Ste 114
Corpus Christi, Texas 78411
Telephone: (361) 993-8100
Facsimile: (361) 993-8101
Email: jr@jreynalawfirm.com

**ATTORNEYS FOR PLAINTIFF**